Lauren A. Welling (SBN: 291813)
lwelling@sssfirm.com
Sarah Kissel Meier (SBN: 305315)
skmeier@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Attorneys for Plaintiff John Roe RJ 50*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE RJ 50,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, et al.<br><br>　　　　Defendants. | Case No: 1:24-cv-01545-JLT-HBK<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Hon. Jennifer L. Thurston<br>Date: March 7, 2025<br>Time: 9:00 AM<br><br>Courtroom: 4 |

i
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

**Table of Contents**

I.  INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ........................................................................................................ 1

III. DOE 3, AN ACTIVE UNINCORPORATED ASSOCIATION ........................................... 6

IV. "SNAP REMOVAL" AND STATE LAW CONSIDERATIONS ......... Error! Bookmark not defined.

V. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ........................................................ 1

*American Alternative Energy Partners II v. Windridge, Inc.*, 49 Cal. Rptr. 2d 686 (5th Dist. 1996) ... 4

*Barr v. United Methodist Church*, 153 Cal. Rptr. 322 (Cal. 4th Dist. 1979) ............................ 2, 3, 5, 10

*Breitman v. May Co. Calif.*, 37 F.3d 562 (9th Cir. 1994) ........................................................ 6

*Church Mut. Ins. Co., S.I. v. GuideOne Specialty Mut. Ins. Co.*, 72 Cal. App. 5th 1042, 287 Cal. Rptr. 3d 809 (2021) ........................................................ 8, 9

*Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969) ........................................................ 14

*Committee of Tort Litigants v. Catholic Diocese of Spokane*, 364 B.R. 81 (E.D. Wash. 2006) ........ 7, 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ........................................................ 2

*Evans v. Cardlytics, Inc.*, No. 823CV00606JWHKES, 2023 WL 7345762 (C.D. Cal. Nov. 7, 2023) . 1

*Gaus v. Miles, Lnc.*, 980 F.2d 564, 566 (9th Cir.1992) ........................................................ 1

*Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102 (9th Cir. 2010) ................................ 2

*Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc.*, No. 23-CV-05763 2024 WL 495255 (N.D. Cal. Nov.16, 2023) ........................................................ 3, 11

*Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc.*, No. 23-cv-05763, 2024 WL 495255 (N.D. Cal. Nov. 16, 2023) ........................................................ 11

*Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804 (N.D. Cal. 1998) ........................................................ 3

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543 (9th Cir. 2018) ................................ 3

*Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir. 1983) ........................................................ 3

*Knutson v. Allis-Chalmers Corp.* (D. Nev. 2005) 358 F.Supp.2d 983 ........................................................ 1

*Libhart v. Santa Monica Dairy Co.*, 592F.2d 1062 (9th Cir. l979) ........................................................ 1

*Mayes v. American Hallmark Ins. Co. of Texas*, 114 F.4th 1077 (9th Cir. 2024) ............................ 12

*Metcalf v. Walmart, Inc.*, No. 1:21-CV-1630 AWI BAK, 2022 WL 856030 (E.D. Cal. Mar. 23, 2022) ........................................................ 14

*Miller v. Super. Ct. in & for Riverside Cnty.*, 26 Cal. App. 41 (1914) ........................................................ 4

*Preaseau v. Prudential Ins. Co.*, 591 F.2d 74 (9th Cir. 1979) ........................................................ 14

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 ‖ Fax: (310) 773-5573

iii
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

*Rhodes v. Barnett*, 692 F. App'x 834 (9th Cir. 2017) .......................................................................... 14

*Rockymore v. Eurofins Donor & Product Testing, Inc.*, 2022 WL 2704122 (N.D. Cal. July 11, 2022) ................................................................................................................................................. 4, 6

*Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279 (6th Cir. 1990).............................................................. 7

*Smith v. Church of Jesus Christ of Latter-Day Saints*, 431 F. Supp. 3d 733 (E.D. Va. 2020) .............. 8

*Turner v. Church of Jesus Christ of Latter-Day Saints*, 1996 WL 34447787 (N.D. Tex. Feb 22, 1996) ......................................................................................................................................................... 7

**STATUTES**

Cal. Code Civ. Pro. Section 340.1 ................................................................................................. 12, 14

Code Civ. Proc. §369.5(a).................................................................................................................... 4

## I. INTRODUCTION

Defendants have opposed Plaintiff John Roe RJ 50's ("Plaintiff") Motion to Remand, relying on an obfuscation of the proper legal standard to be applied herein, a mischaracterization of Defendants' citizenships to establish diversity, and an attempted whitewashing of DOE 3's inextricable position in the state statute's framework as a separate defendant. Defendants have failed to recognize black-letter law compelling remand, nor have they carried their burden in establishing DOE 3's improper joinder. In turn, Defendants cannot overcome the strict presumption in favor of remand.

## II. LEGAL STANDARD

Defendants seek to frame their burden to plead diversity as low by providing an incomplete backdrop against which the remaining issues herein are to be decided. Defendants' use of *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) is informative. Immediately following the language regarding a defendant's burden of proof in establishing federal jurisdiction, the Court further expounds on application of the standard. *See Geographic Expeditions, Inc.*, 599 F.3d at 1107. Specifically, the Court details how removal jurisdiction (i) "must be rejected if there is any doubt as to the right of removal in the first instance"; (ii) includes a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper"; and, (iii) "[the court] strictly construe[s] the removal statute against removal jurisdiction." *Id*. Defendants have failed to carry their burden in establishing federal jurisdiction on multiple grounds, each of which is discussed below.

## III. THE FICTITIOUS "DOE" DEFENDANTS

In support of their assertion that complete diversity exists between the parties, Defendants utilize a curated selection of related cases wherein courts have sustained removal to federal court. (Dkt. 8, p. 8) In so doing, these courts analyzed the purported citizenships of the Doe Defendants, primarily DOE 3, as if they were named defendants, in which case their citizenships would be

1
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 || Fax: (310) 773-5573

relevant for purposes of evaluating federal diversity jurisdiction.[1] Critically, however, these courts did not address the determinative threshold issue in a case of this nature. As detailed below, the law plainly holds that federal diversity jurisdiction is lacking in a case including a fictitiously designated Doe defendant – let alone when *every* defendant is so designated. *See, e.g., Bisagno v. Home Depot U.S.A., Inc.*, No. 24-CV-04414-HSG, 2024 WL 4733511 at *1 (N.D. Cal. Oct. 29, 2024). Multiple courts in virtually indistinguishable cases to the present have now taken up the issue, correctly proclaiming in no uncertain terms that remand was compelled on this basis.[2] For the reasons set forth below, Plaintiff John Roe RJ 50 submits that the same result in this case is likewise required.

The unyielding general rule that inclusion of a fictitiously designated "Doe" defendant precludes a finding of complete diversity is not newly formulated. In *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), the Ninth Circuit in considering the presence of Doe defendants in the case adhered to the clear directive that the "citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Neither the passage of time nor a change in venue to federal court has dislodged the statutorily mandated result. In *Bisagno v. Home Depot U.S.A., Inc.*, No. 24-CV-04414-HSG, 2024 WL 4733511 (N.D. Cal. Oct. 29, 2024), the Northern District court maintained that the "removal statute explicitly states that in determining whether a case is removable based on diversity jurisdiction, 'the citizenship of defendants sued under fictitious names shall be disregarded.'" (*Id*. at *2, *quoting* 28 U.S.C. § 1441(b)) The court additionally quoted *Soliman* for the premise that fictitious defendants' citizenships only become relevant upon their naming. (*Id*.) After weighing the legislative

---

[1] *See Jane Roe LM 89 v. Doe 1 et al.*, No. 2:24-cv-09350-JFW-BFMx (Jan. 16, 2025); *Jane Roe SR 3 v. The Church of Jesus Christ of Latter-Day Saints, et al.*, No. 24-cv-07119-EJD (N.D. Cal. Jan. 30, 2025); *John Roe AJ 1 v. The Church of Latter-Day Saints, et al.*, No. 2:24-cv-02990-DC-CSK (Jan. 14, 2025); *JW Roe 142 v. The Church of Jesus Christ of Latter-Day Saints, et al.*, No. EDCV 24-2150-KK-SPx (Dec. 20, 2024).
[2] *Jane Roe KL 66 v. Doe 1, et al.*, No. 2:24-cv-07661-AMO, 2024 WL 5264039 (N.D. Cal. Dec. 31, 2024); *John Roe JB 84 v. Doe 1, et al.*, 24-cv-07608-EJD, Dkt. 26.

---

2
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

history of 28 U.S.C. § 1441(b) in great detail, including case law across federal courts in California, the Southern District accorded the Northern District and Ninth Circuit, in *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021). In the Central District, the Honorable Judge André Birotte Jr. affirmed the same, irrespective of the alleged identities of the Does, in holding "[b]ut still, the Court finds that the clear language of 28 U.S.C. §1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage." *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020).

Finally in this District, accordance with the rule was affirmed as recently as last month, including after consideration of earlier Eastern District precedent conforming with its neighboring districts and the state courts:

> Given the plain language of the statute, the Ninth Circuit's guidance, and many courts' strict statutory interpretation, this Court will follow that guidance in disregarding Doe defendants' citizenship for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441; *Soliman*, 311 F.3d at 971; *Vasquez v. Walmart Inc.*, No. 1:23-cv-01142-JLT-BAM, 2024 WL 966076, at *5 (E.D. Cal. Mar. 6, 2024) (surveying recent case law on the issue, noting 'many courts strictly construe section 1441(b)(1) and disregard fictitious defendants for diversity jurisdiction and removal purposes,' and holding that a Doe defendant's citizenship should be disregarded for diversity jurisdiction purposes).

*Ruelaz v. Leprino Foods Co.*, No. 1:24-CV-01017-BAM, 2025 WL 25549 at *2 (E.D. Cal. Jan. 3, 2025). The Eastern District court in *Vazquez*, *supra*, went so far as to address the countervailing minority view in cases like *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015). *Vazquez*, 2024 WL 966076, at *5. However, that court was not prepared to break with the plain language of the statute, the legislative intent behind it, and the overwhelming majority of state and federal courts to adhere to these foremost principles of statutory interpretation, rather than a newfound, judicially created, non-textual alternate meaning or exception to the removal statute. (*See id.*) A finding here in agreement with the statute, legislature, Ninth Circuit, and District Courts of California not only conforms with recent authority across each of those lawmaking bodies, but in fact harkens back decades, to a court calling upon authority yet even longer established than

3
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

itself. "It follows from the *Haight*, *Grigg* and *Preaseau* line of cases that a complaint containing Doe allegations is on its face a pleading which is not removable, regardless of the specificity of the description of or of the charges against the Does. It may of course become removable either by proof that the Doe allegations are sham or by subsequent dismissal or abandonment of the claim against the Does." *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 238 (N.D. Cal. 1980). This rule is as strongly-rooted across decades as it is across jurisdictions. Plaintiff now turns to a specific application of that rule to his and functionally identical cases.

Here, that each Defendant to this action is designated as a fictitious "Doe Defendant" is undisputed. (*See, e.g.*, Dkt. 8, p. 7) In *Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156 (N.D. Cal. Sept. 7, 2023), the court considered an action against analogous Defendants under the same statute giving rise to the current case, *California Code of Civil Procedure Section* 340.1 ("Section 340.1"). As required by the statute, the plaintiff, Geppert, identified each defendant with the fictitious "Doe" designation. Nonetheless, in finding diversity jurisdiction could not exist, the court held that "the removal statute[3] obligates the Court to disregard [Doe Defendants'] citizenship **regardless of whether Doe 3 is actually fictitious** or whether **state law mandates use of the Doe designation**." *Geppert*, 2023 WL 5804156, at *3 (emphasis added). The *Geppert* court went on to detail how the fictitious defendants were citizens of no state, and per settled principles of law, no diversity jurisdiction exists where each defendant is "stateless." *See id*. Diversity "does not exist where one party possesses citizenship, and all opposing parties possess no citizenship." *Id.; see also Schultz v. Doe 1*, No. 23-CV-03290-BLF, 2023 WL 7924717, at *5 (N.D. Cal. Nov. 16, 2023) (applying *Geppert* and remanding case for lack of diversity jurisdiction). The plain language and meaning of the two statutes involved, and their interplay with one another, plainly requires remand of this case as a matter of course.

---

[3] Namely, 28 U.S.C. § 1441(b)(1), *hereinafter* "Section 1441(b)."

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 ‖ Fax: (310) 773-5573

"In any action subject to subdivision (e),[4] a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant." Cal. Code Civ. Pro. § 340.1(k). No showing of corroborative fact was made prior to Defendants' removal of this action, and as such Defendants each maintain their fictitious "Doe" designations. Applying the relevant federal removal statute to these facts is an equally simple analysis. Again, Doe Defendants here are "sued under fictitious names." As a result, their citizenship "shall be disregarded." 28 U.S.C. § 1441(b)(1). By definition, any purported authority opposing this established principle of law requiring fictitious Doe Defendants' citizenships be disregarded must either (i) subvert the plain meaning and language of Section 1441(b), (ii) create exceptions to the clear directive of Section 1441(b) absent any textual or express basis for doing so, and (iii) countervail the logical application of Section 1441(b) to the facts at bench. The purported counterarguments or desired exemptions likely to be claimed by Defendants as a valid basis to obliterate Section 1441(b) in these and similar cases have summarily been rejected, the common sense reading and application of the statute prevailing.[5] Nothing is different here – the statute is unchanged, its application unchanged, and the disposition on this issue in this case, as compared to sister Courts in a neighboring District remanding nearly identical cases, should likewise remain unchanged.

To the extent there is any countervailing authority advocating for a less straightforward, more complicated form of reading and applying the statutes in a case like this, the landmark Ninth Circuit removal case *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) again brings the issues back to a more sensical level of analysis. That court made clear that "[r]emoval statutes are strictly

---

[4] Subdivision (e) governs claims under Section 340.1 brought by plaintiffs 40 years of age or older at the time of filing. (*California Code of Civil Procedure Section* 340.1(e)) As John Roe RJ 50 was over 40 years of age at the time of filing, each Defendant in this action was properly named as a fictitious "Doe." (Plaintiff's Complaint, ¶ 3)

[5] Specifically, that Section 1441(b) should be imparted with some other meaning regardless and independent of the text of the statute, due to the state statute requiring fictitious Doe designations, or because the identity of some Does are alleged to be known.

construed, and any doubt about the right of removal requires resolution in favor of remand." *Id*. (quotations omitted) In fact, that is exactly what occurred in the Northern District as recently as two Fridays ago, when the Honorable Judge Davila held "[a]t this time, remand is appropriate because strict application of the removal statute requires the Court to disregard the citizenship of all Doe defendants." *John Roe JB 84 v. Doe 1, et al.*, 24-cv-07608-EJD, 2025 WL 360356 (N.D. Cal. Jan 30, 2025). In *John Roe JB 84*, the requirements of the state statute, and Defendants trying to identify themselves as the "Does," were both succinctly disregarded as irrelevant, in accordance with settled law.[6] Thus, the court found diversity was lacking and ordered remand. *Id*. The Honorable Judge Martinez-Olguin of the same District found similarly just over a month ago in *Jane Roe KL 66 v. Doe 1, et al.*, No. 2:24-cv-07661-AMO, 2024 WL 5264039 (N.D. Cal. Dec. 31, 2024), also indistinguishable from this case.[7] The *Jane Roe KL 66* also noted that the law applies equally to Does 1 through 3 as it does for Does 4 through 100 (or their functional equivalents here). *Id*. Quite simply, complete diversity *cannot* exist in this case, at this juncture. In accordance with Cal. Code Civ. Proc. §340.1, Defendants were not named, and diversity therefore could not have existed at the time of the removal; this fact has not yet changed, so complete diversity of citizenship between the parties remains lacking, not per Plaintiff's opinion, but as a matter of law.

IV. **DOE 3 AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 340.1**

Should the Court nonetheless find that the Doe Defendants' citizenships require consideration, the question at bar becomes whether there is *any* possibility that Plaintiff "will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential*

---

[6] *John Roe JB 84 v. Doe 1, et al.*, 24-cv-07608-EJD, 2025 WL 360356 (N.D. Cal. Jan 30, 2025) Dkt. 26 at 1-2.

[7] "That, as Defendants claim, Plaintiff only designated them as Does 'pursuant to the mandate of California Code of Civil Procedure § 340.1(k),' is 'irrelevant – the removal statute obligates the Court to disregard [Doe Defendants'] citizenship regardless of whether Doe 3 is actually fictitious or whether state law mandates use of the Doe designation.'" *Jane Roe KL 66*, 2024 WL 5264039 at *1-2 (*quoting Geppert*, 2023 WL 5804156 at *3).

6
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

*Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Legal and factual questions in making this determination should be resolved in favor of Plaintiff.

Plaintiff John Roe RJ 50 brought his claim against the Doe Defendants pursuant to *California Code of Civil Procedure Section* 340.1, which indicates whom may be sued for childhood sexual assault, and when. Most germane to these proceedings is subsection (a)(2) of the statute, which reads in full that the statute of limitations applies in "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff." Cal. Code. Civ. Pro. § 340.1(a)(2). Accordingly, Plaintiff has brought his causes of action against three separate entities, by way of his well-plead allegations against each Doe Defendant. (Plaintiff's Complaint, ¶¶ 5-7) Nowhere in the operative statute is a potential defendant required to have incorporated, formed a partnership, or taken any other action beyond constituting an "entity." *See* Cal. Code. Civ. Pro. § 340.1. This accords with California law recognizing some groups as entities, though they may not be incorporated, partnered, or the like. Pursuant to *California Code of Civil Procedure Section* 369.5(a), unincorporated associations are still distinct entities. By definition, DOE 3 falls within this category of Section 340.1, and its California citizenship must therefore be considered should the Court reach this point in its analysis.

DOE 3 retains the requisite elements of an unincorporated association pursuant to California law.[8] Further, Plaintiff's well-plead allegations assert that this entity's wrongful and negligent acts were "a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff." Cal. Code Civ. Pro. § 340.1(a)(2). Specifically, DOE 3 is led by a Stake President, who leads multiple committees and oversees multiple councils. (Memorandum, pp. 3-5). Stake Centers, Conferences, Sunday School, youth conferences, and other organizations associated with the Stake are all supervised, overseen, and managed by the Stake. (*Id.*) Perhaps of the most consequence, it is the

---

[8] Plaintiff's Memorandum of Points and Authorities ("Memorandum"), p. 11-12.

Stake President who handles matters involving child sexual abuse, including reports or records coming from the Bishops overseen by the Stake. (*Id.*) DOE 3 was the most closely related, directly involved entity to the sexual abuse itself, including the local cover-up. It managed and oversaw the ward implicated in Plaintiff's abuse (including Plaintiff's abuser), and those a part of the Stake who negligently handled their knowledge of the sexual assaults. (See Plaintiff's Complaint, ¶¶30-33)

Contrary to Defendants' assertions, DOE 3 was specifically named as a Defendant, and plead among "Defendants" throughout Plaintiff's Complaint, precisely because of its indispensability. DOE 3 created and maintained membership records, including reviewing and approving those from the Bishop of the ward involved in the abuse. (Plaintiff's Complaint, ¶ 34) DOE 3's President, and the Bishops over whom he is responsible, are tasked with disciplining perpetrators of child sexual abuse in the Stake. (*Id*. at ¶ 35) Stake Presidents call members of the Stake to serve as leaders within the Stake or their wards, conferring upon them the type of authority used by Plaintiff's abuser to perpetrate John Roe RJ 50's molestation and sexual assault. (*Id*. at ¶¶ 5, 25) To hold the duty and importance identified above and not be the type of entity identified in Section 340.1 is difficult to imagine. While the causes of action between Defendants may be the same, the source of potential compensation possibly the same, the acts and omissions in getting there are quite distinctly *not* the same. DOE 3 need answer the allegations against it, being held to account for those real-time, on-the-ground choices part and parcel in causing the harm to Plaintiff.

To that point, in *Church Mut. Ins. Co., S.I. v. GuideOne Specialty Mut. Ins. Co.*, 72 Cal. App. 5th 1042, 287 Cal. Rptr. 3d 809 ( Ct. App. 3d. 2021), a local, unincorporated church was held to be an unincorporated association, despite ranking lower in the Church of God's hierarchical order than the incorporated state-wide and national entities. As is the case with Stakes, the local church in *Church Mut. Ins.* was entirely subordinate to the overall Church of God, which had "full power and authority to designate the teachings, principles, and practices of all the local churches composing said Assembly" and "governs the operation (including ownership of all real and personal property) of the

8
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA STATE COURT

Church of God ... at all structural levels: international, national, state/territorial, district, and local." *Id*. at 1049. The similarities between the local church within the Church of God, and the Stakes within DOE 1 here cannot be overstated. That DOE 3's status far more resembles the local religious entities in *Church Mut. Ins*. than it does the types of divisions of corporations in *Breitman v. May Co. Cal.*, 37 F.3d 562 (9th Cir. 1994) and related cases, is clear. Plaintiff's claim should be placed in the proper framework. Even if this Court is not inclined to find DOE 3 an unincorporated association (of which Plaintiff avers is affirmatively shown herein), there remains at the very least a mere possibility the Superior Court may. This is particularly true given DOE 3's straightforward conformity with both the childhood sexual assault and unincorporated association state statutes, *supra*.

Providing due weight to the full scope of argument now before this Court, a sister Court to this one, the Northern District, recently granted Plaintiff's Motion to Remand in a virtually identical case. "The Court rejects the arguments by Does 1 and 2 that Doe 3 – a "Stake" – is merely a subpart of the church that is named as Doe 1, not a separate legal entity that may be sued." *JANE ROE KL 66, Plaintiff, v. DOE 1, et al., Defendants*., No. 24-CV-07661-AMO, 2024 WL 5264039 (N.D. Cal. Dec. 31, 2024). The holding in *Church Mut. Ins. Co*. was recognized as the single most persuasive source of authority on the issue. Plaintiff here asserts that the *Jane Roe KL 66* Court properly considered the near identical facts of that case, under the proper standards, affording the proper weight to the most analogous authority, in reaching the proper legal conclusion.

It is difficult to ascertain how, in light of all the foregoing, Plaintiff is engaging in "fraudulent joinder, gamesmanship, and forum shopping." (Dkt. 8, p. 20) As detailed herein, should Plaintiff wish to pursue the relief sought in his Complaint, this is not the appropriate forum in which to do so. At any rate, Defendants' representations regarding the content of Plaintiff counsel's discussions with Defendants on the matter are patently false. Plaintiff's counsel agreed to review a Proposed Stipulation regarding DOE 1 and Stakes including DOE 3. (Welling Declaration, ¶ 7) To date, Defendants have not conveyed the Stipulation they have proposed. *Id*.

As such, Defendants are correct in stating that Plaintiff retains his belief that his case must proceed in state court. Defendants' misrepresentations to the Court on this point are baseless, counterproductive, and devoid of any effort to litigate this issue in good faith. Finally, in the event this Court is inclined to deny Plaintiff's Motion to Remand, Plaintiff reiterates the need for additional time to conduct discovery. Appropriate factual and legal allegations as to this need have already been identified. (Memorandum, at pp. 23-24).

## V. CONCLUSION

In light of the foregoing, and applying the strict presumption favoring remand, Plaintiff submits that the current nature of this case precludes a finding a complete diversity. Even if Doe Defendants' citizenships are considered, Plaintiff avers his allegations in the Complaint, Memorandum of Points and Authorities, and herein show that this case, at a bare minimum, raises questions of law and fact that only the Superior Court should decide. Plaintiff respectfully request this case be remanded to the State Court.

Dated: February 10, 2025

By: */s/ Lauren A. Welling*
Lauren A. Welling (SBN: 291813)
lwelling@sssfirm.com
Sarah Kissel Meier (SBN: 305315)
skmeier@sssfirm.com
SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086

Attorneys for Plaintiff